542 So.2d 792 (1989)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charles SENEGAL a/k/a Charles Thomas, Defendant-Appellant.
No. CR88-905.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1989.
G. Paul Marx, Marx & Marx, Lafayette, for defendant-appellant.
Michael Harson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and KING, JJ.
KING, Judge.
This appeal presents two issues for consideration. The first is whether the trial court erred in finding the evidence presented by the arresting officer's testimony sufficient to convict the defendant of possession of cocaine and the second is whether the trial court committed error by imposing an illegally excessive sentence.
Charles Senegal, also known as Charles Thomas (hereinafter sometimes referred to as the defendant) was charged by bill of information with the crime of willful, knowing, and intentional possession of a Schedule II controlled dangerous substance, namely cocaine, in violation of La.R.S. 40:967. Defendant was informally arraigned on September 24, 1986, waived formal arraignment, entered a plea of not guilty, and requested a trial by jury. After the matter was called for trial, the defendant waived a trial by jury and was tried by the court and found guilty as charged. On June 27, 1988, the defendant was sentenced to serve a term of ten years at hard labor. This timely appeal followed. We affirm in part and reverse in part.

FACTS
On June 25, 1986, Detective Oswald Doucet, Jr. was working undercover in the Narcotics and Vice Division of the Lafayette City Police Department. He observed the defendant standing in front of a lounge called the Fox Trap which is located in an area of Lafayette, Louisiana commonly known as "The Block." The Block is notorious for its high concentration of drug activity. Detective Doucet testified that the defendant saw him watching him and he hurried inside the lounge in a highly suspicious manner. Detective Doucet followed him and watched defendant sit on a stool near a Pac-Man video game. He also saw defendant discard three white packets of a powdered substance toward the side of *793 the video game machine with his right hand. Detective Doucet believed that the three packets contained a dangerous controlled substance because they appeared to have the characteristics of cocaine. Defendant started to leave the lounge, again hurrying in a suspicious manner. Detective Doucet followed the defendant and arrested him before he left the lounge. The three packets were retrieved and a subsequent laboratory analysis indicated that one of the bags contained cocaine, a controlled dangerous substance.
On cross-examination, Detective Doucet admitted that he could not remember who was standing outside of the lounge or what other officers, besides Sergeant Renes, were with him on the night of the arrest. Detective Doucet also testified that he could not remember whether anyone else was in the lounge nor did he recall which hand defendant used to throw the packets to the floor. He did remember that the lighting inside of the lounge was sufficient for him to observe the defendant. Detective Doucet also testified that he was certain that the defendant knew he was a police officer and that he threw the three packets behind the video game while looking Detective Doucet directly in the eyes.
On direct examination, defendant testified that he had seen Detective Doucet standing outside of the lounge on the evening of his arrest. Furthermore, he claimed that once he had seen the detective, he hurried inside for fear of a possible loitering charge. Defendant stated that he entered the lounge and called his girlfriend, but as he was leaving, Detective Doucet placed him under arrest. He denied having cocaine in his possession and further denied throwing the packets containing cocaine behind the video game. Cross-examination revealed that defendant had two prior convictions for aggravated battery and burglary.
The trial court found the defendant guilty of possession of cocaine, stating:
"I have a police officer here telling me that he saw you and not anybody else throw down the narcoticsbut he saw you throw it. There is no indication that this police officer had any reason to lie...
* * * * * *
I have got no alternative but to take his word for the fact that you did. That is why I find you guilty."
Defendant was sentenced to ten years at hard labor. He appeals his conviction, citing two assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, defendant contends that the testimony given by Detective Doucet was insufficient evidence to convict him for possession of cocaine, a violation of La.R.S. 40:967(C). This statute provides that "it is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II ...". This schedule includes cocaine.
The critical inquiry on review of the sufficiency of evidence to support a criminal conviction is whether the evidence could support a finding of guilt beyond a reasonable doubt. The relevant question on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential element of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981). It is the role of the fact-finder to weigh the respective credibilities of the witnesses and appellate courts will not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the standard of review presented in Jackson, supra. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); see also, State v. Richardson, 425 So.2d 1228 (La.1983).
The record shows that Detective Doucet personally observed the defendant throw three packets containing a white powdery substance behind the Pac-Man machine in the lounge and that one of those packets was later determined to contain cocaine. Viewing the evidence in the light most favorable *794 to the prosecution, the testimony provided sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that the defendant had cocaine in his possession. In State v. Mitchell, 498 So.2d 1190 (La.App. 3 Cir.1986), writ den., 503 So.2d 1015 (La.1987), this court upheld a conviction for possession of pentazocine where the basis of the conviction was provided by testimony of a police officer who observed the defendant throw a bag containing pentazocine to the ground.
It is within the discretion of the trial court to evaluate the credibilities of the witnesses, State ex rel. Graffagnino v. King, supra, and it is evident that the trial court found the testimony of Detective Doucet to be credible and his recitation of the facts to be true. For these reasons, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends in his second assignment of error that the trial court imposed a punishment upon him which was greater than the maximum sentence allowed by law. In brief to this Court, the State concedes that "... it appears that perhaps the sentence imposed may be in fact excessive and beyond the maximum allowed by law."
La.R.S. 40:967(C)(2) provides, in pertinent part that any person who violates this subsection as to any other controlled dangerous substance [besides pentazocine provided in C(1)] shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than $5,000.00. Since cocaine is listed as a Schedule II drug, it is evident that the maximum penalty under Louisiana law for possession of cocaine is five years. The statute does provide for a greater sentence if a defendant possesses a quantity of cocaine of 28 grams but less than 200 grams. La.R.S. 40:967(F). However, the record does not specify the amount of cocaine found in defendant's possession, nor was he charged with possession of more than 28 grams but less than 200 grams of cocaine. Therefore, the trial court exceeded the statutorily determined maximum penalty by sentencing defendant to ten years at hard labor for possession of cocaine and the defendant's sentence is illegal and must be vacated and set aside. La.C.Cr.P. Art. 882.
For these reasons, the defendant's conviction is affirmed and the sentence is vacated and set aside and the case is remanded to the trial court for resentencing.
AFFIRMED IN PART; SENTENCE VACATED AND SET ASIDE; CASE REMANDED TO TRIAL COURT FOR RESENTENCING.