567 So.2d 1181 (1990)
STATE of Louisiana
v.
Benny Derrell MESHELL.
No. Cr89-1323.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
*1182 Richard Goorley, Shreveport, for defendant-appellant.
Don Burkett, Dist. Atty., Many, for plaintiff-appellee.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
Defendant, Benny Derrell Meshell, was found guilty by a jury of twelve of second degree murder, a violation of La.R.S. 14:30.1. Defendant's motions for a post-verdict judgment of acquittal and a new trial were denied. The defendant was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction and sentence based on four assignments of error.

FACTS
On June 16, 1989, the defendant, Benny Derrell Meshell, shot and killed the victim, J.V. Martinez, owner of the Coon Ridge Lounge which is located on the outskirts of Zwolle, Louisiana in Sabine Parish. Defendant, who had been a patron at the establishment shortly before the shooting, was ordered to leave the lounge at about 11:50 p.m. by the victim. In response to this order, defendant, together with a cousin, Mattie Meshell, left the lounge but not the premises. Defendant remained outside near his vehicle, armed with a loaded .22 rifle, apparently waiting for the victim. After closing the lounge at midnight, the victim, as his wife completed the inside process of securing the business, walked outside around the side and back of his building. As he did, defendant opened fire on the victim, inflicting multiple gunshot *1183 wounds. After some ten shots were fired, at least seven of which entered the victim's body, defendant, along with his cousin, drove his vehicle to his mother's house where he remained until the police arrived some forty minutes later.
Police were notified of the shooting at 12:11 a.m. and arrived on the scene shortly thereafter. The investigation which followed led to defendant's arrest.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Through these assignments of error, defendant urges that the trial court erred in denying his motions for a new trial and for a post-verdict judgment of acquittal. In support thereof, defendant argues that the evidence adduced was insufficient to support his conviction. Moreover, defendant argues that he shot the victim in self-defense and the State failed to carry its burden of establishing otherwise beyond a reasonable doubt. In support of the latter contention, defendant asserts that his statement to the police that he acted in self-defense is supported by the testimony of the only eye-witness to the shooting, Mattie Meshell.
The standard for reviewing sufficiency of evidence claims in criminal matters is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); State v. Senegal, 542 So.2d 792 (La.App. 3rd Cir. 1989). In addition, where an essential element of a crime is sought to be proven by circumstantial evidence, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. La.R.S. 15:438; State v. Jackson, 419 So.2d 837 (La.1982). Ultimately, all of the evidence must satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Porretto, 468 So.2d 1142 (La.1985); State v. Sharlow, 493 So.2d 213 (La.App. 5th Cir.1986), writ denied, 496 So.2d 329 (La.1986). Additionally, when a defendant claims self-defense, the State has the burden of establishing beyond a reasonable doubt that he did not act in self-defense. State v. Garcia, 483 So.2d 953 (La.1986); State v. Matthews, 464 So.2d 298 (La.1985); State v. Johnson, 553 So.2d 865 (La.App. 1st Cir.1989).
There is no issue in this case concerning whether defendant killed J.V. Martinez, the victim. The only issue concerns whether the defendant killed the victim in self-defense as defined in La.R.S. 14:20. Thus, the relevant inquiry on this appeal is whether a rational trier of fact, after viewing the evidence in tbe light most favorable to the prosecution, could have found beyond a reasonable doubt that the homicide was not committed in self-defense.
The evidence established that the victim was the owner-manager of the "Coon Ridge Lounge" which is located in Sabine Parish, Louisiana. Defendant was a patron in the lounge and became embroiled in a disagreement with the victim. The victim either pulled defendant's hair or took hold of him by his shoulder and ordered him to leave the lounge. Defendant left the lounge, accompanied by his cousin, Mattie Meshell, at approximately ten minutes before midnight but remained on the premises. Miss Meshell apparently entered the defendant's car but defendant, after arming himself with a .22 caliber rifle, stood near his automobile. While defendant was standing near his car, he was heard to remark "nobody pulls my damn hair and gets by with it". Shortly following defendant's departure, the lounge was closed and one employee and the remaining patrons left the lounge. These persons testified that while departing the premises, they observed defendant standing by his vehicle with rifle in hand. While the victim's wife was counting the day's receipts, the victim walked outside and immediately thereafter several shots were fired in rapid succession. These shots were heard by the victim's wife and some of the patrons who had just departed. Mrs. Martinez went outside and, upon observing her husband lying on his back in a pool of blood, began to *1184 scream. The patrons who had just departed returned immediately in response to Mrs. Martinez's call for help. In a matter of minutes the police arrived in response to a call from the victim's son and secured the area. The victim's wife and all of the patrons who returned to the crime scene testified that the victim was unarmed and no weapon of any kind was observed near the body. No weapon was found when the police conducted a search of the area within minutes of the homicide. The defendant did not testify. Mattie Meshell, defendant's first cousin who departed the building with him, testified that when the victim exited the building he was armed with a pistol. He approached the defendant's car, while she and the defendant were seated therein, and fired two shots at close range but missed. She testified that defendant got out of the car, stated that he wanted no trouble and was leaving, whereupon the victim fired again but missed. Meshell stated that defendant then armed himself and fired several shots at the victim, after which they departed the scene.
The jury obviously attached no credibility to the testimony of Mattie Meshell. A court on appeal should not assess the credibility of witnesses or reweigh the evidence to overturn a fact-finder's determination of guilt. State v. Matthews, 450 So.2d 644 (La.1984). Our careful review of this record convinces us that, viewing the evidence in the light most favorable to the prosecution, a rational fact-finder could find, beyond a reasonable doubt, that the defendant did not act in self-defense when he killed the victim. The trial court did not err in denying defendant's motions for a post-verdict judgment of acquittal or a new trial.

ASSIGNMENT OF ERROR NO. 3
Defendant contends that the trial court erred in allowing the improper impeachment of a defense witness, Nelda Martinez.
Nelda Martinez testified that she arrived in the area near the Coon Ridge Lounge some two hours after the shooting. She stated that she joined Jim Bruce and Jeraldette Sepulvado. She testified that while the three were riding in her truck, Bruce took a nickle plated, pearl handle .38 caliber pistol from his pocket and placed it on the floorboard of her truck. Her testimony did not establish who the pistol belonged to or how Bruce came into possession of it. Jeraldette Sepulvado, although admitting that she shared a ride with Nelda Martinez and Jim Bruce, denied any knowledge of a pistol in the latter's possession. Jim Bruce did not testify.[1]
During cross-examination, the State, to discredit Nelda Martinez's testimony, questioned her regarding the alleged filing of a false police report in connection with an unrelated matter. When Ms. Martinez denied the allegation, the State offered the testimony of the police officer to whom she allegedly confessed that she filed a false report. The timely objection of the defense to this questioning was overruled.
For the reasons which follow, we conclude that the trial court erred in admitting this evidence, however, such error is harmless beyond a reasonable doubt.
These proceedings were conducted in October of 1989 and are therefore subject to the Louisiana Code of Evidence, which became effective January 1, 1989. Although La.C.E. art. 607(C) permits a party to attack the credibility of a witness by examining him concerning any matter having a reasonable tendency to disprove the truthfulness of his testimony, this grant is necessarily subject to the relevancy balance of La.C.E. art. 403 and to the limitation set forth in La.C.E. art. 608 B, which provides as follows:
"Particular acts, vices, or courses of conduct of a witness may not be inquired into or proved by extrinsic evidence for the purpose of attacking his character for truthfulness, other than conviction of crime as provided in Articles 609 and 609.1 or as constitutionally required."
The evidence complained of is, at best, marginally relevant, however, the danger of *1185 prejudice and confusion of the issues was great. Additionally and perhaps more important is the fact that art. 608 B specifically bars inquiry into particular acts, vices or courses of conduct to attack a witness' character for truthfulness. As set forth in the redactors comments to art. 608 B:
"(b) Paragraph B, like Federal Rule of Evidence 608(b), excludes extrinsic evidence of specific instances of conduct offered to attack the credibility of a witness. Unlike the Federal Rule, however, this Paragraph follows Louisiana's traditional approach by also prohibiting cross-examination of a witness as to specific instances of his conduct (including vices or courses of conduct)."
Although the trial court erred in permitting the introduction of this evidence, we conclude that such error does not constitute reversible error. It is well settled that a reviewing court may declare the erroneous admission of evidence to have been harmless, if the State establishes beyond a reasonable doubt that the error complained of did not contribute to the verdict. State v. Smith, 554 So.2d 676 (La.1989), and cases cited therein. The evidence erroneously admitted did not bear directly upon the guilt or innocence of the defendant but attacked the credibility of the testimony of Nelda Martinez. The testimony of Nelda Martinez was highly speculative and marginally relevant. Her testimony, if fully accepted, established only that some two hours after the commission of the crime, Jim Bruce was in possession of a .38 caliber, pearl handle revolver. The record is silent as to the ownership of this revolver or how Jim Bruce came into possession of it. Jim Bruce did not testify; however, the record establishes that, although he was at the Coon Ridge Lounge earlier on the evening of June 16, 1989, he left some one or two hours before the homicide and did not return until some two hours later. When the highly speculative testimony of Nelda Martinez is considered in contrast with all of the other evidence in the record, it is clear, beyond a reasonable doubt, that the evidence erroneously admitted did not contribute to the verdict.

ASSIGNMENT OF ERROR NO. 4
We have examined the record in this case for errors patent and find none.
For these reasons, the defendant's conviction and the sentence imposed are affirmed.
AFFIRMED.
NOTES
[1] Presumably, this testimony was offered to convey the suggestion that the pistol in Bruce's possession belonged to the victim and was removed following the homicide.