651 So.2d 490 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jerry NORRIS, Sr., Defendant-Appellant.
No. CR94-1064.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
James M. Buck, for State.
Harold A. Van Dyke, III, for Jerry Norris Sr.
Before LABORDE, COOKS and WOODARD, JJ.
COOKS, Judge.
The issue in this case is whether the defendant, Jerry Norris, Sr., was adequately advised of his rights, pursuant to LSA-R.S. 15:529.1, before admitting to his prior convictions in an habitual offender hearing. We find the defendant was not advised of his right to remain silent; therefore, we vacate the enhanced sentence of eight years and remand the case for a new resentencing and an habitual offender hearing.

FACTS
Defendant was charged by bill of information with two counts of simple burglary in violation of LSA-R.S. 14:62. Defendant pled not guilty to the charges. Defendant subsequently withdrew his former pleas of not guilty and entered pleas of guilty to two counts of simple burglary. An habitual offender bill was filed charging defendant as a second felony offender. Defendant admitted he was a second felony offender; and, he was sentenced to serve eight (8) years on each count, to run concurrently. The trial judge also ruled defendant's sentence shall be served in accordance with the habitual offender law, which provides he is ineligible for diminution of sentence for good behavior. Defendant appeals his adjudication as a habitual offender and his sentence, alleging he was not advised of his right to a formal hearing on the allegations, he was not informed of the specific allegations contained in the Bill; and, he was not advised of his right to have the State prove the allegations and his constitutional right to remain silent.

*491 ERRORS PATENT
Our review of the record reveals three errors patent concerning defendant's sentence. First, defendant was not given credit for time served as mandated by La.Code Crim.P. art. 880.
Defendant also was not advised of the prescriptive period for post-conviction relief as mandated by La.Code Crim.P. art. 930.8.
Third, defendant was not informed of his right to remain silent at the habitual offender hearing. We also note he raises this issue as an assignment of error. However, the review of an habitual offender proceeding for failure to inform a defendant of his right to a hearing and his right to remain silent is considered a patent error and reviewable under La.Code Crim.P. art. 920(2). Therefore, we will address this issue as an error patent.
In State v. Gautreaux, 607 So.2d 1086, 1088 (La.App. 3d Cir.1992), this court recognized the requirement that a defendant must be advised of his right to remain silent at his habitual offender proceeding. In Gautreaux we held if a defendant acknowledges his prior convictions without being advised of his right against self-incrimination, and defendant's acknowledgment is the only proof of prior convictions offered by the state, defendant's acknowledgment is invalid. A sentence imposed on such a defendant must be vacated and the case remanded for a new sentencing and habitual offender hearing.
The following exchange occurred after defendant entered a plea of guilty to two counts of simple burglary:
THE COURT:
Okay. Prior to sentencing, you have a multiple bill to file?
MR. BUCK:
Yes sir, your honor. That has already been filed on Mr. Norris. Basically, Mr. Norris, what this bill alleges is that you were convicted in the State of Texas on January 14th, 1987 in Docket Number 440,986 and was givenyou were given a sentence of five years in the State of Texas on a charge of aggravated robbery and a charge of forgery, is that correct? Are you the same Jerry Norris who was given that sentence at that time?
THE DEFENDANT:
Yes, sir.
MR. BUCK:
I believe it was five years on each count running concurrent, Your Honor, I think his release date was '91, is that correct, Mr. Norris?
THE DEFENDANT:
Yes, sir.
THE COURT:
Mr. Norris, you understand you have a right to a hearing to determine whether you are that same person and the validity of that conviction and at that hearing you have a right to a lawyer?
THE DEFENDANT:
Yes, sir.
THE COURT:
Okay. And you're agreeing to those allegations. Okay. The Court's going to accept the plea pursuant to the habitual offender law. It's going to be the order of this Court that you are to serve on each count eight years at hard labor with the Department of Corrections and those countsthose sentences are to be served concurrently. They are to be served in accordance with the provisions of the habitual offender law which my understanding is computed to be without good time, but the applicable laws of the habitual will apply to the sentence, eight years each count, concurrent. Any questions?
THE DEFENDANT:
No, sir.
THE COURT:
Mr. Van Dyke?
MR. VAN DYKE:
No, sir.
THE COURT:
Okay, see the sheriff.
The defendant did acknowledge his prior convictions. Although defendant was informed of his right to a hearing to determine the validity of the prior convictions, he was not informed of his privilege against self-incrimination. Furthermore, no evidence *492 other than defendant's acknowledgment was introduced to show defendant was the same person previously convicted of the prior offenses. Therefore, under the holding of Gautreaux, the acknowledgment of prior convictions given by defendant in this case is invalid. Accordingly, defendant's sentence must be vacated and the case remanded for a new sentencing and habitual offender hearing.
Our ruling, thus, renders defendant's assignments of error moot.

DECREE
For the reasons given, the defendant's sentence is vacated and the case remanded for a new sentencing and habitual offender hearing, at which time defendant must be given credit for time served and be advised of the three year prescriptive period for filing post-conviction relief.
VACATED and REMANDED.