JiDECUIR, Judge.
Defendant, Andrew D. Veazie, was indicted for possession of cocaine, in violation of La. R.S. 40:967(C). The defendant pled not guilty and after a trial by jury was found guilty. Veazie was adjudicated a habitual offender and sentenced to three years in the Louisiana Department of Corrections, consecutive to any parole time and consecutive to a contempt of court citation.[1] The defendant appeals his conviction, assigning one error.
FACTS
While on patrol after 10:30 p.m., on September 25, 1994, Lake Charles Police Officer Todd Chaddick spotted three African-American males standing at the T-shaped intersection of Magnolia and O’Brien Street; the three men disbanded when the police car approached. One man left on a bicycle, and the defendant and the other man crossed the street in front of the police car. As the defendant crossed the street, |2Officer Chad-dick observed Veazie discard a matchbox. Examination of the matchbox revealed two rocks of crack cocaine inside of it.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent. We find one error patent concerning defendant’s habitual offender hearing.
La.R.S. 15:529.1(D)(1) requires defendant be informed of his right to remain silent and have the State prove its case. The trial judge failed to do so in this instance. This court has held that where a defendant was not advised of his right to remain silent *36 before admitting his prior convictions in an habitual offender hearing, defendant’s acknowledgment was invalid. La.R.S. 15:529.1(D)(1); State v. Norris, 94-1064, 651 So.2d 490 (La.App. 3 Cir. 3/1/95); 651 So.2d 490; State v. Gautreaux, 607 So.2d 1086, (La.App. 3 Cir.1992).
At the hearing, the prosecution introduced the bills of information, charging Andrew Veazié with simple burglary under docket number 13166-84 and with attempted second degree murder and armed robbery under 3101-85. Moreover, the Boykin form was introduced wherein Veazie pleaded guilty to the charges of armed robbery and simple burglary. A certified copy of the minutes of those prior proceedings was also introduced. The prosecution then called Mr. Carrol Wilson, Veazie’s probation and parole officer, to provide relevant information concerning Veazie’s convictions and his parole history. After which, the trial judge adjudicated defendant a second felony offender.
Clearly defendant’s stipulation to his identity was involuntary because the trial judge did not advise defendant of his right to remain silent. However, the State did offer evidence as to the defendant’s identity by calling Veazie’s parole officer, Mr. |3WiIson. Wilson identified Veazie in open court. Wilson then testified that he had been supervising Veazie since June 2, 1994, for Veazie’s prior convictions. Additionally, the State introduced evidence of the defendant’s prior convictions. Therefore, the State did produce sufficient evidence of defendant’s identity. For this reason, the error is harmless.
ASSIGNMENT OF ERROR
Defendant claims the evidence, viewed' in the light most favorable to the prosecution, does not reasonably permit a finding of guilt of the responsive verdict of possession of cocaine, as the evidence was insufficient to prove, beyond a reasonable doubt, that defendant is guilty of that offense. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La. 1983). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. Graffagnino, 436 So.2d 559 (La.1983), (citing State v. Richardson, 425 So.2d 1228 (La.1983)).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. Defendant was convicted of possession of cocaine. La.R.S. 40:967(0 provides in pertinent part:
C. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, as provided in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise authorized by this Part.
UDefendant claims the State did not prove he possessed the cocaine. We disagree.
Officer Todd Chaddick of the Lake Charles Police Department testified that on September 25, 1994, Chaddick was patrolling north Lake Charles in a marked unit. Around 10:30 p.m., the officer saw three individuals standing on the corner of Magnolia Street and O’Brien Street. The officer became suspicious when the three immediately turned and started walking away once they saw the police car.
When Veazie and another gentleman crossed the street, they passed in front of the officer’s unit. The officer testified that as Veazie was walking toward the next intersection, Veazie acted as if he was stretching, throwing something. The officer stated that he clearly saw something leave Veazie’s hand and land in a yard. Before stopping the defendant for littering, the officer “stopped the unit, got out, checked the matchbox, hollered at him [the defendant] to stop, that I wanted to talk to him, at which time I opened *37 the matchbox and I saw the two rocks of crack cocaine in there. He never did stop.” Officer Chaddick called for backup, and when it arrived the officer was able to stop Veazie and place him under arrest.
At trial, Chaddick identified the matchbox and two rocks of crack cocaine that he collected from the arrest scene. Also, the officer identified Veazie as the person who had thrown down the matchbox; the officer testified the other man who was with Veazie definitely had. not thrown down the matchbox. The officer also stated that he followed standard procedure for evidence that night.
Corporal Mike Weaver of the Lake Charles Police Department testified that he took the evidence, booked it into identification, and brought it over to the sheriffs department. At trial, Weaver said the matchbox and the crack seemed to be substantially the same as when he first handled it. The only time the evidence was | sever taken out of the evidence cabinet was when it was taken to the Calcasieu Parish Sheriffs Office Lab.
Mr. Cornell Chaumont, a forensic chemist with the Southwest Louisiana Crime Lab, was accepted as an expert in the field of forensic chemistry, in particular, drug analysis. Chaumont testified that he took the evidence from this case according to proper procedure, examined it with various methods, and the sample was determined to be cocaine.
The defense called as its only witness Mr. Linton DeCloutte. DeCloutte has been an investigator for the Calcasieu Parish Public Defender’s Office for the last ten years. He went to the arrest scene at 9:30 p.m. the night before the trial. DeCloutte had taken several Polaroid shots of the scene, utilizing Chaddick’s report of his actions. DeCloutte testified that the pictures were an accurate representation of the scene at night: “there’s not much to see other than darkness and a little of the pavement when I squatted down.”
On cross examination, DeCloutte said that there was a street light at the scene. He also said that' he had killed his engine and turned his lights off when he took the pie-tures. DeCloutte took no pictures coming south on Magnolia, nor did he take any pictures through the windshield of his car. De-Cloutte said his camera was a Polaroid with a built-in flash. DeCloutte admitted that a Polaroid would not be the kind of camera that he would think a professional photographer would have used to accurately show the fighting in the area. DeCloutte did not take any pictures of the grassy area where Chad-dick found the matchbox, nor did he take any pictures going south on Magnolia, the direction in which Chaddick was traveling.
On rebuttal, the State called Officer Chad-dick back to the stand. Chaddick testified he was traveling south on Magnolia Street, he was driving with his | (¡headlights on, and he was able to see the intersection and the three men standing there clearly. Chaddick also testified that he was certainly able to see the two men who walked in front of his car and that both of his headlights were working that evening. When looking at the pictures introduced earlier, Chaddick said that he thought the pictures came out particularly dark. Chaddick testified that on the night of the arrest, he could clearly see everyone who was moving around in that area with the aid of his headlights and with the street lamp. He firmly stated that the area looked nothing like the pictures introduced by the defense. Chaddick also said he was using his flashlight when he went to pick up the object Veazie threw down. Chaddick testified that he had stopped the person who had thrown the matchbook down, and that person was Veaz-ie. Chaddick did not have trouble finding the matchbox that night with the aid of his flashlight.
Since the jury found defendant guilty of possession of cocaine, they apparently believed the testimony of Officer Chaddick rather than the defense witness. We find the evidence is clearly sufficient to support that conclusion.
The defendant claims the evidence was insufficient to prove possession of cocaine. In a case with a similar fact situation, this court found the evidence was sufficient to convict defendant of possession of pentazo-cine. State v. Mitchell, 498 So.2d 1190 (La.App. 3 Cir.1986), writ denied, 503 So.2d 1015 (La.1987). In Mitchell, the police officer observed the defendant throw a clear plastic *38 bag toward a building. The officer retrieved the bag and identified it as the same bag thrown by the defendant. Among other items, the officer found pentazocine in the bag. When arrested a few days later, the defendant voluntarily stated “that he was only selling dope just to get money like everybody else and that he had escaped from Officer Willis because he wanted to see his girlfriend.” Id. at 1191.
pAIso, in the case of State v. Senegal, 542 So.2d 792 (La.App. 3 Cir.1989), this court followed the Mitchell line of reasoning. This court found the evidence sufficient to support Senegal’s conviction for possession of cocaine when police saw him throw three, packets containing a white powdery substance behind a Pac-Man machine in a lounge; one of those packets was later determined to contain cocaine.
In the instant case, Chaddick testified that he saw Veazie throw the matchbox onto the ground in an effort to rid himself of the evidence. The factual situation in the present case is analogous to those faced by the court in Mitchell and Senegal. Based on his testimony and the aforementioned legal precedents, we find that the prosecution carried its burden and, therefore, there is no error in the jury’s verdict.
CONCLUSION
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The defendant was sentenced to serve 60 days in the parish jail, consecutive to any time he has to serve, for the use of profanity during the habitual offender proceeding.