NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-489

STATE OF LOUISIANA

VERSUS

BRYAN MEANS

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 142,140
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and Billy Howard Ezell, Judges.

AFFIRMED.

Norris J. Greenhouse
Assistant District Attorney
P. O. Box 1200
Marksville, LA 71351-1200
(318) 253-6587
Counsel for Plaintiff/Appellee:
        State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457-2057**
**(318) 572-5693**
**Counsel for Defendant Appellant:**
**Bryan Means**

**Bryan Means**
**In Proper Person**
**WNC  Elm B-1**
**P.O. Box 1260**
**Winnfield, LA 71483**

**DECUIR, Judge.**

The Defendant, Bryan Means, was charged with armed robbery, in violation of La.R.S. 14:64. The jury found the Defendant guilty of the responsive verdict of attempted armed robbery, in violation of La.R.S. 14:27 and 14:64.

The Defendant is now before this court asserting the following four assignments of error: (1) the appellate record is so incomplete that it deprives him of his constitutional right to a full appellate review; (2) the trial court erred in denying his motions for a continuance; (3) defense counsel was ineffective at trial; and (4) the division of the record of this case into two separate lower court docket numbers and the appeal into two separate docket numbers violated his procedural due process rights.

## INCOMPLETE RECORD

In his first assignment of error, the Defendant contends the appellate record is so incomplete as to deprive him of his constitutional right to a full appellate review with a complete record.

The Defendant asserts the appellate record contains approximately 250 "INAUDIBLE" portions, which he asserts indicated a problem with the recording equipment. He asserts that questions, answers, objections, and rulings are missing. Thus, the Defendant contends he has been deprived of his constitutional right to a complete record.

In support of this argument, the Defendant cites La.Const. art. I § 19, which states: "No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based."

The Defendant asserts the inaudible portions of the record are so numerous that he cannot address them in his brief to this court because he would exceed the page limit authorized by the rules of court.

> Both this court and the United States Supreme Court have made clear that a criminal defendant has a right to a complete transcript of the trial proceedings, particularly where appellate counsel was not counsel at trial. *State v. Deruise*, 98-0541, p. 11 (La. 4/3/01), 802 So.2d 1224, 1234, *cert. denied*, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001), *citing Hardy v. United States*, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) and *State v. Robinson*, 387 So.2d 1143 (La.1980). The Louisiana State Constitution guarantees that "[n]o person shall be subjected to imprisonment . . . without the right of judicial review based upon a complete record of all evidence upon which the judgment is based." LSA-La. Const. art. I § 19. Additionally, in all felony cases, the clerk or court stenographer shall record all of the proceedings, including the examination of prospective jurors, the testimony of witnesses, statements, rulings, orders, and charges by the court, and objections, questions, statements, and arguments of counsel. LSA-C.Cr.P. art. 843. The court reporter shall record all portions of the proceedings required by law and shall transcribe those portions of the trial proceedings required. LSA-R.S. 13:961(C).
>
> Material omissions from the transcript of the proceedings at trial bearing on the merits of an appeal require reversal. *State v. Landry*, 97-0499 (La. 6/29/99), 751 So.2d 214; *Robinson*, 387 So.2d at 1144. Although this court has found reversible error when material portions of the trial record were unavailable or incomplete, a "slight inaccuracy in a record or an inconsequential omission from it which is immaterial to a proper determination of the appeal" does not require reversal of a conviction. *State v. Brumfield*, 96-2667, pp. 14-16 (La. 10/28/98), 737 So.2d 660, 669, *cert. denied*, 526 U.S. 1025, 119 S.Ct. 1267, 143 L.Ed.2d 362 (1999); *State v. Parker*, 361 So.2d 226, 227 (La.1978). A defendant is not entitled to relief because of an incomplete record absent a showing of prejudice based on the missing portions of the transcript. *State v. Castleberry*, 98-1388, p. 29 (La. 4/13/99), 758 So.2d 749, 773, *cert. denied*, 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999); *State v. Hawkins* 96-0766, p. 8 (La. 1/14/97), 688 So.2d 473, 480.

*State v. Boatner*, 03-485, pp. 4-5 (La. 12/3/03), 861 So.2d 149, 152-53 (alteration in original).

In *State v. Stipe*, 08-762, p. 16 (La.App. 3 Cir. 2/4/09), 4 So.3d 189, 200, this court discussed *Boatner*, 861 So.2d 149, as follows:

Even though in *Boatner* there were more than two hundred and ten instances of "inaudibles" throughout the record, the supreme court found Boatner failed to show that he suffered prejudice because of the omissions. The supreme court noted that it could be determined what had been said by a reading of the entire transcript. The supreme court stated:

The crucial issue is not the amount or number of omissions but rather whether the omissions are material and caused prejudice to the defendant. The determination of whether the omissions are material must be made on a case by case basis. The critical inquiry is whether the defendant's right to judicial review guaranteed by La. Const. art. 1, § 19 can be performed or is the record so inadequate that the defendant's constitutional right to judicial review is prejudiced. Defendant must establish that he was prejudiced by the missing portions of the transcript. Despite the state of the record, defendant has failed to demonstrate any reasonable likelihood that he suffered prejudice resulting from the inadequacy of the record.

*Boatner*, 861 So.2d at 153.

The Defendant makes an argument regarding the motion to continue made on May 13, 2008. The Defendant references a portion of the record which is a side bar conference regarding the motion to continue.

In *State v. Hoffman*, 98-3118, p. 50 (La. 4/11/00), 768 So.2d 542, 586, *opinion supplemented*, 00-1609 (La. 6/14/00), 768 So.2d 592, *cert. denied*, 531 U.S. 946, 121 S.Ct. 345 (2000) (footnote omitted), the supreme court stated:

This court has never articulated a *per se* rule either requiring the recording of bench conferences or exempting them from the scope of La.Code Crim. Proc. art. 843. Still, art. 843's description of "objections" and "arguments" will normally apply only to objections made in open court and the arguments of counsel in closing, because only these objections and arguments rise to a level of materiality sufficient to invoke art. 843. *State v. Clark*, 93-0903, pp. 2-3 (La.App. 3d Cir. 1994), 638 So.2d 225, 227; *State v. Richardson*, 529 So.2d 1301,

3

1308 (La.App. 3d Cir. 1988). Similarly, Art. I. § 19's command to record "evidence" does not encompass bench conferences, at least, not ones that do not satisfy the materiality requirements of La.Code Crim. Proc. art. 843.

Since the motion to continue was subsequently discussed on the record, any problems with the transcript of the side bar conference would not constitute reversible error, as the Defendant was not prevented from presenting relevant evidence regarding the motion to continue.

The Defendant also asserts it was impossible to determine what motion defense counsel made on record page 109. However, at the end of the paragraph, defense counsel moved for a motion to quash and, in the alternative, a mistrial. The trial court subsequently discussed severance under La.Code Crim.P. arts. 704 and 705 and stated:

> On the severance issue, upon my reading, a few times under Articles 704 and 705 of the Code of Criminal Procedure. I believe that Article 704 indicates that the State may elect to try them separately if jointly indicted or the Court may order after Motion of the defendant for a severance. When the Court so orders, and I think that relates back to 704 Subsection 2, then the DA shall file a separate indictment. I don't think it relates back to 704(1). The other reference is to 704 which is generally maybe perhaps the legislature could have done better by saying relating back to 704(2), but in any event I think it's clear that its (sic) when the Court orders a Motion of the defendant then the DA shall file separate indictments.

Thus, the issues asserted by defense counsel could be determined by reading the ruling of the trial court. Thus, the Defendant was not prevented from presenting relevant evidence regarding these issues.

The Defendant next asserts that there were voluminous inaudible portions in the record, but he merely makes the argument that it was impossible to determine what was asked and answered. The Defendant does not refer to any specific witness

4

when making this allegation.  Accordingly, the Defendant failed to prove he was prejudiced by the remaining inaudible portions of the record.

## MOTION TO CONTINUE

In his second assignment of error, the Defendant contends the trial court erred in denying his motions for continuance.

In support of his argument that a continuance should have been granted, the Defendant cites La.Code Crim.P. art. 709, which provides:

> A motion for a continuance based upon the absence of a witness must state:
>
> (1)  Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
>
> (2)  Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
>
> (3)  Facts showing due diligence used in an effort to procure attendance of the witness.

The Defendant asserts the trial court did not consider the standard set forth in Article 709 when denying his motions for continuance.  Instead, the trial court flatly refused to continue or recess the trial for any significant amount of time.

Prior to jury selection, a side bar conference was conducted in which defense counsel apparently informed the trial court of the name of a witness who was not available until that morning and a cab was sent to pick up the witness.  Defense counsel further asserted he should be allowed to question the witness before trial in order to prepare a defense.  The trial court noted the Defendant had given defense counsel the witness' name that morning despite having sat through a preliminary examination hearing the previous day.  The trial court further noted it was making every effort to assist in getting the witness to court by ordering the IDB to pay a

5

private taxi to pick up the witness. The trial court then informed defense counsel that he would allow him the opportunity to interview the witness before calling him to testify and, once he interviewed the witness, defense counsel could make any motions he deemed appropriate.

After a recess, defense counsel made an oral motion to continue. Defense counsel stated that that morning the Defendant had given him the name of a witness and his location and defense counsel had attempted to secure the presence of the witness. However, the witness did not appear. Defense counsel asserted that the witness' absence would undermine his defense. Defense counsel then asserts that Freeman Ford had discussed the matter with the potential witness. Defense counsel sought a continuance in order to secure the presence of the witness. The State asked for a recess rather than a continuance. Defense counsel then asserted that he had not anticipated being trial counsel in the case at bar, as he had been told the Defendant would be hiring another attorney. Therefore, he waited until the week before trial to have subpoenas issued and a preliminary examination hearing was held the previous morning.

In *State v. Mitchell*, 498 So.2d 1190 (La.App. 3 Cir. 1986), *writ denied*, 503 So.2d 1015 (La.1987), this court held the trial court properly denied a defendant's motion for continuance or recess to locate a new witness because the defendant failed to inform counsel of the witness until the day of trial. This court further held this demonstrated a lack of diligence on the part of the defendant.

The Defendant asserts that *Mitchell* is distinguishable from the case at bar in that defense counsel failed to adequately prepare for trial because he thought the Defendant was hiring another attorney.

6

Therefore, the Defendant asserts that the issue before this court is what is the standard for a continuance or recess based on a missing witness when defense counsel provided ineffective assistance of counsel by failing to adequately prepare for trial. The Defendant further asserts a better standard for considering his motion for continuance or recess would have been that set forth in La.Code Crim.P. art. 775(3), which states that a trial court can grant a mistrial when "[t]here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law."

The Defendant asserts that pretrial notice of possible ineffective assistance of counsel constitutes a legal defect in the proceedings. He asserts this is analogous to a motion for continuance based on the State's failure to provide *Brady* material. The Defendant then cites *State v. Hunter*, 571 So.2d 834 (La.App. 3 Cir. 1990), in which this court found that the trial court committed reversible error in failing to grant a defendant's request for continuance occasioned by the State's late disclosure of fingerprint evidence. In its opinion, this court quoted the following from *U.S. v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375 (1985):

> [T]he reviewing court may consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case. The reviewing court should assess the possibility that such effect might have occurred in light of the totality of the circumstances and with an awareness of the difficulty of reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response.

*Hunter*, 571 So.2d at 837.

The Defendant asserts he was clearly prejudiced by the trial court's error. He further asserts the only evidence linking him to the scene of the crime was the

7

testimony of his half-brother, Christopher Means, a multiple felony offender who agreed to testify against him to avoid spending the rest of his life in prison. The Defendant further asserts the victim could not identify him as the person who robbed him after he was shot. The Defendant contends the jury clearly had a problem with Christopher's testimony, as the verdict was eleven to one, and he was convicted of the responsive verdict of attempted armed robbery. The Defendant asserts that any evidence or testimony that could have shown another falsehood by Christopher may very well have led to an acquittal.

> The trial court has great discretion in granting a recess; denial of a motion for a recess is not grounds for reversal, absent an abuse of that discretion and the showing of specific prejudice. *State v. Stevenson*, 02-0079, p. 3 (La.App. 5 Cir. 4/30/02), 817 So.2d 343, 345. To show prejudicial error sufficient to warrant reversal, the defendant must show that the testimony the witness would have given would have been favorable to the defense and would indicate the possibility of a different result. *Id*.

*State v. Riggins*, 08-714, pp. 8-9 (La.App. 5 Cir. 4/7/09), 13 So.3d 187, 192.

In the case at bar, defense counsel failed to state the facts to which the witness was expected to testify, or to state facts and circumstances showing a probability that the witness would be available at the time to which the trial would be deferred. Moreover, defense counsel did not allege that the testimony of the witness would be favorable to the Defendant. Thus, the Defendant failed to meet his burden of proving he was entitled to a continuance and has failed to prove he was prejudiced by the trial court's failure to grant same. Moreover, the Defendant failed to demonstrate that he acted with diligence in locating the witness as required by this court's ruling in *Mitchell*, 498 So.2d 1190.

8

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Defendant asserts defense counsel was ineffective for failing to adequately prepare for trial.

The standard applicable to claims of ineffective assistance of counsel was set out in *State v. Leger*, 05-11, p. 44 (La. 7/10/06), 936 So.2d 108, 142-43, *cert. denied*, 549 U.S. 1221, 127 S.Ct. 1279 (2007), as follows:

> Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), adopted by this court in *State v. Washington*, 491 So.2d 1337, 1339 (La.1986), a reviewing court must reverse a conviction if the defendant establishes: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect.

Defense counsel did admit that he began to prepare for trial a week before its commencement. However, the Defendant has set forth no specific actions by defense counsel that indicate his performance fell below the objective standard of reasonableness under prevailing professional norms. Further, the Defendant merely asserts he was prejudiced in that any evidence or testimony that could have shown another falsehood by Christopher Means may have led to an acquittal. The Defendant failed to meet his burden of proof. Therefore, his claims of ineffective assistance of counsel are denied.

## MULTIPLE DOCKET NUMBERS

In his fourth assignment of error, the Defendant contends the division of the record of this case into two separate docket numbers and the appeal into two separate docket numbers, violated his procedural due process rights.

In *State v. Nolan*, 503 So.2d 1186 (La.App. 3 Cir.), *writ denied*, 507 So.2d 226 (La.1987), this court held there was no requirement that a habitual offender bill be

9

given the same docket number as the underlying proceeding.  This assignment of error lacks merit.

## DECREE

For the foregoing reasons, the Defendant's conviction is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Rule 2-16.3, Uniform Rules, Courts of Appeal.