608 So.2d 641 (1992)
STATE of Louisiana
v.
Ronald BARRIO.
No. 91-KA-946.
Court of Appeal of Louisiana, Fifth Circuit.
October 27, 1992.
Dorothy A. Pendergast, John Lee, Asst. Dist. Attys., Gretna, for the State.
Bruce G. Whittaker, Indigent Defender Bd., Gretna, for defendant/appellant.
Before BOWES, GRISBAUM and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Ronald Barrio, seeks to have his plea of guilty to armed robbery in violation of LSA-R.S. 14:64 set aside on the assertion that it is not clear from the record *642 that he understood the nature of the charge against him. After his plea of guilty to the trial court, Barrio was sentenced to serve five years at hard labor without benefit of parole, probation or suspension of sentence with credit for time served. That sentence was made to run concurrent with one the defendant was already serving at the time of the sentencing in this matter.
Because there was no trial on the merits, only minimal facts of the crime can be gleaned from the record. At the time of the plea, defendant admitted to assisting two co-defendants in robbing the fast food restaurant in which Barrio was employed. He also acknowledged that a weapon was used in the robbery.
In argument to this court, Barrio maintains that his guilty plea could not have been knowingly and intelligently tendered since he was not made aware of the substance of the charge to which he pled.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers.[1] Because a plea of guilty waives these fundamental rights of an accused, due process requires, as a prerequisite to its validity, that the plea be a voluntary and intelligent relinquishment of known rights. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and voluntarily waived them. State v. Galliano, 396 So.2d 1288 (La.1981); State v. Seymore, 570 So.2d 176 (La.App. 5th Cir.1990).
While an understanding of the Boykin triad of rights may be the sine qua non for the acceptance of a guilty plea, the mere recitation of those rights does not always insure the intelligent and voluntary nature of the plea. Other factors may have a bearing on the validity of the plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Graham, 513 So.2d 419 (La.App. 2nd Cir.1987). As explained in State v. Graham, supra at 421-2:
A trial court's on-the-record examination, especially of an uncounseled defendant, should include an attempt to satisfy itself that the defendant understands the nature of the charge, the acts sufficient to constitute the offense with which he is charged, and the statutorily permissible range of sentence.
A guilty plea may be involuntary either because the record does not show the accused understands the nature of the constitutional protection he is waiving, or the accused has an incomplete understanding of the charge. Under such circumstances the plea cannot stand as an intelligent admission of guilt. (cites omitted).
However, Boykin does not require that the trial court provide the accused with a ritualistic litany of the elements of the crime with which he is charged. State v. Smithey, 441 So.2d 837 (La.App. 3rd Cir.1983).
The validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Bowick, 403 So.2d 673 (La.1981).
Although the trial judge in the present case did not review the elements of the offense of armed robbery with defendant, the record supports the conclusion that defendant voluntarily and intelligently entered his plea of guilty with a full understanding of the nature of the charges against him.
In the waiver of rights form, defense counsel, in signing the document, acknowledged that he informed defendant of his rights and also of the nature of the crime and the maximum sentence which could be *643 imposed. Likewise, defendant acknowledged by signing the rights form, that both his attorney and the trial judge had explained the nature of the crime and the constitutional rights to him.
In addition, at the guilty plea proceedings, defendant expressed his desire to plead guilty to an armed robbery that had occurred on June 18, 1990. After the court informed defendant of the maximum sentence which could be imposed, defendant was asked to explain what had happened on June 18, 1990. In response to that question, the following discussion transpired:
THE COURT:
Tell me in your own words what happened on June 18th, 1990? What did you do on June 18th, 1990? Where were you working?
THE DEFENDANT:
Burger King.
THE COURT:
Okay. Did Burger King get robbed that day?
THE DEFENDANT:
Yes, sir.
THE COURT:
What did you have to do with it?
[Whereupon an off the record discussion is held]
THE DEFENDANT:
Excuse me, Your Honor, what was the question?
THE COURT:
What did you have to do with the robbery?
THE DEFENDANT:
I assisted them in the robbery.
THE COURT:
Okay. By pleading guilty are you telling this Court that in fact you have committed the crime that you are pleading guilty to?
THE DEFENDANT:
Yes, sir.
Based on our review of the record we find the defendant was adequately advised of the substance of the charge against him and that this assignment of error is without merit.
Defendant further requests an examination of the record for errors patent. We have conducted such a review and have found none.
For the foregoing reasons the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Boykin was adopted by the Louisiana Supreme Court, State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all pleas of guilty subsequent to December 8, 1971. State ex rel LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557 (1972).