607 So.2d 1086 (1992)
STATE of Louisiana
v.
Randy L. GAUTREAUX.
No. CR91-131.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*1087 Edward Lopez, Opelousas, for defendant.
Morgan J. Goudeau, III, Opelousas, for plaintiff.
Before STOKER and YELVERTON, JJ., and COREIL[*], J. Pro Tem.
STOKER, Judge.
The issue in this case is whether the defendant, Randy Gautreaux, was adequately advised of his rights, pursuant to LSA-R.S. 15:529.1, before admitting to his prior convictions in an habitual offender hearing. We find the defendant was not advised of his right to remain silent and, therefore, we vacate the enhanced sentence of twelve years and remand for a new sentencing and habitual offender hearing.

FACTS
On October 19, 1988, defendant was convicted by a jury of attempted simple burglary, a responsive verdict to the charge of simple burglary. The trial judge ordered a presentence investigation.
On January 27, 1989, the State filed an Habitual Offender Bill. A sentencing hearing was held on March 16, 1990. The trial judge advised the defendant of his right to have his prior convictions proven by the State, but did not advise him of his right to remain silent. The trial judge reviewed the presentence investigation report and asked the defendant if it was true that he had previously been convicted of unauthorized entry of an inhabited building in 1983, of attempted simple burglary in 1984 and of possession of stolen goods in 1988. Defendant admitted the prior convictions. The trial judge then held him to be an habitual offender, under LSA-R.S. 15:529.1.[1]
Defendant was exposed to a sentencing range of up to six years at hard labor for his attempted simple burglary conviction. LSA-R.S. 14:62; LSA-R.S. 14:27. Defendant was sentenced to twelve years at hard labor under the enhancement provisions of the habitual offender law, LSA-R.S. 15:529.1.

OPINION
The procedure for an habitual offender hearing is set forth in LSA-R.S. 15:529.1(D). The supreme court discussed LSA-R.S. 15:529.1(D) and the rights of which a defendant must be advised before the trial court can accept a defendant's guilty plea or acknowledgment of prior offenses in State v. Johnson, 432 So.2d 815 (La.1983):
"The protection of the Fifth Amendment is much broader than that contemplated by the prosecution. See Estelle v. Smith, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). Article I, § 16 of the Louisiana Constitution provides: `No person shall be compelled to give evidence against himself.' The right against self-incrimination does not depend on the nature of the proceedings.
* * * * * *
"R.S. 15:529.1(D) provides:
`If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would *1088 be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated.' (Emphasis added).
"This section of the statute clearly recognizes that the defendant, if he chooses, has the right to remain silent. Once the defendant chooses to remain silent the state must then by competent evidence prove the elements of R.S. 15:529.1 before the defendant can be sentenced as an habitual offender. Before the defendant chooses to acknowledge or confess in open court that he has been previously convicted of a felony, the statute requires that he first be cautioned by the trial court as to his rights. R.S. 15:529.1(D) specifically provides that defendant be advised by the court of his right to a `formal hearing' and to have the state prove its case. State v. Martin, 427 So.2d 1182 (La.1983). Further, this section implicitly provides that the defendant should be advised, by the court, of his statutory right to remain silent."
(Footnote omitted.)
432 So.2d at 816, 817.
The record in the case before us does not reflect that defendant was advised of his right to remain silent. The extent of his advice of rights was as follows:
"... I've got to explain to this man that when you go to be sentenced as an habitual offender. [sic] You've got to be advised of the fact that the commission of other crimes has got to be proven."
The defendant's constitutional right against self-incrimination was abridged by the trial judge's failure to advise him of his right to remain silent at the habitual offender hearing. Without such advice, defendant's acknowledgment or confession of his prior felony convictions is invalid. State v. Johnson, supra.
Defendant's acknowledgment of the prior convictions was the only evidence tending to show that the defendant herein was the same person previously convicted of the other offenses. The State did not offer any evidence as to identification and, therefore, failed to prove the essential elements of LSA-R.S. 15:529.1. The sentence must be vacated and the case remanded for a new sentencing and habitual offender hearing. State v. Johnson, supra. See also, State v. Wilson, 599 So.2d 321 (La.App. 2d Cir.1991); State v. Tate, 593 So.2d 864 (La. App.2d Cir.1992); State v. Smith, 591 So.2d 413 (La.App. 4th Cir.1991); State v. Ray, 547 So.2d 1350 (La.App. 3d Cir.), writ denied, 553 So.2d 470 (La.1989).
Finally, we note that there are no errors patent on the face of the record.

CONCLUSION
For the reasons given, the sentence is vacated and the case is remanded for a new sentencing and habitual offender hearing.
VACATED and REMANDED.
NOTES
[*] Honorable Joseph E. Coreil participated in this decision by appointment of the Louisiana State Supreme Court as Judge Pro Tempore.
[1] We note that the trial judge did not specify whether defendant was adjudged an habitual offender under LSA-R.S. 15:529.1(A)1, (A) 2 or (A)3; i.e. a second felony offender, a third or a fourth. We note, however, that the prosecuting attorney stated that he wanted defendant to be exposed to double the regular maximum sentence. Therefore, the State was implicitly asking for an adjudication of defendant as a second or third felony offender.