BERTRAND, Judge Pro Tem.
Defendant, Kenneth Jones, was convicted of simple burglary and misdemeanor theft, violations of La.R.S. 14:62 and 14:67 B(3), respectively. After a bench trial, defendant was sentenced as an habitual offender to six years at hard labor bn the. burglary charge and six months in the parish prison on the theft charge, the terms to run concurrently.

FACTS

During the night of October 16, 1992, defendant and two other men were standing on a street with a heavy duty commercial battery. As two Lake Charles police officers approached the men, defendant attempted to flee on his bicycle. When he fell from his bicycle and one of the officers caught up with him, defendant voluntarily stated that he did not steal the battery, but that one of the other two men stole it.
Other investigating officers discovered that a nearby Blume Tree Service shredder truck was missing a battery from its generator unit which was located on a trader hitched to the truck. Defendant had a pair of pliers in his possession, mud on his clothes, and shoes which matched the footprints found in the mud next to the generator unit. Based on this evidence, and on the statement volunteered by defendant, defendant was arrested at the scene and later convicted.
Defendant now appeals his convictions and sentence, assigning as error the trial court’s failure to quash the indictment, insufficiency of the evidence, and excessiveness of sentence. We affirm defendant’s convictions but, finding patent error, remand for resen-tencing.

ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, defendant contends the trial judge erred in denying his motion to quash the indictment. He argues the facts asserted by the State do not constitute the crime of burglary as defined in La.R.S. 14:62; specifically, he contends that he did not “enter a dwelling, vehicle, watercraft, or other structure, movable or immovable.”
The trial judge found the battery was stolen from a structure. The battery was taken from a locked box, located on a small trailer which was attached to a truck. The trial judge determined that the requirements of the statute were met, and he denied defendant’s request to strike the burglary charge from the indictment.
We agree with the trial court’s conclusion. In State v. Pierre, 320 So.2d 185 (La.1975), the Supreme Court held that the engine compartment of an automobile from which a battery was stolen was a vehicle within the meaning of La.R.S. 14:62. The fact that a person could not inhabit that part of the vehicle from which the battery was stolen was immaterial; the essential fact was that the vehicle was entered.
In State v. Freeman, 539 So.2d 739 (La. App. 3d Cir.), writ denied, 543 So.2d 17 (La. 1989), this court determined that a carport from which a lawn mower was stolen constituted a structure for purposes of La.R.S. 14:62. Its status as a structure was not diminished by the fact that it was not attached to the house and was open on one side.
In light of this jurisprudence, and in light of the fact that the battery was stolen from a locked portion of a vehicle, we affirm the ruling of the trial judge.

*611
ASSIGNMENT OF ERROR NO. 2

Defendant next contends the evidence was insufficient to support his convictions. We disagree. The record supports the conclusion that defendant committed the crimes of simple burglary and misdemeanor theft.
The trial judge found the police officers’ testimony credible, and specifically noted that the defendant’s only witness, his brother who was also his codefendant and who pled guilty prior to testifying on his brother’s behalf, was not a credible witness. These credibility determinations, coupled with the physical evidence of footprints, muddy clothing and shoes, pliers, and the battery itself, are sufficient to support defendant’s convictions.

ASSIGNMENT OF ERROR NO. 3

In his final assignment of error, defendant argues that his sentence is excessive. Our finding of patent error in the habitual offender hearing pretermits discussion of the alleged excessiveness of defendant’s sentence.
As we discussed in State v. Mallett, 552 So.2d 28 (La.App. 3d Cir.1989), writs denied, 556 So.2d 1258 and 558 So.2d 567 (La.1990) (see also, prior opinion at 526 So.2d 1194 (La.App.3d Cir.1988), writ granted and case remanded, 536 So.2d 1205 (La.1989)), a trial judge is required to advise a defendant of his privilege against self-incrimination before an admission can be used as a basis to adjudicate the defendant an habitual offender. See also, State v. Melancon, 596 So.2d 331 (La. App.3d Cir.1992).
In the instant case, the trial judge did not advise defendant of his rights at the habitual offender hearing prior to defendant’s admission to a previous felony conviction. Therefore, his admission cannot be used against him. The State chose not to rely solely on defendant’s admission, however, and introduced into evidence the court minutes, bill of information, and Boykinization proceedings from defendant’s prior felony guilty plea. But, the State failed to submit any evidence of identification, i.e., proof that defendant is the same individual who pled guilty to a prior felony.
In State v. Curtis, 338 So.2d 662 (La. 1976), the Supreme Court held that proof of identification is an element of the State’s burden of proof in an habitual offender adjudication and must be proved with competent evidence. Proof of the defendant’s name and the name of the person previously convicted is not sufficient evidence of identity.
Based on the principles enunciated in the cited jurisprudence, we find the State failed to meet its burden of proof in this instance. Accordingly, the case must be remanded for another sentencing hearing. We note that upon resentencing, the trial judge must comply with the provisions of La.C.Cr.P. Art. 930.8 and advise defendant of the prescriptive period for post conviction relief.

DECREE

For the foregoing reasons, the convictions of defendant are affirmed, but his sentence as a second felony offender is illegal and must be vacated. This matter is remanded for a sentencing hearing in compliance with La.R.S. 15:529.1 D.
CONVICTIONS AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.