635 So.2d 787 (1994)
STATE of Louisiana
v.
Jerry DUKE.
No. 94 KW 0312.
Court of Appeal of Louisiana, First Circuit.
April 15, 1994.
Doug Moreau, Dist. Atty. of East Baton Rouge Parish, for plaintiff-respondent.
*788 James Wood, Baton Rouge, for defendant-relator.
Before WATKINS, SHORTESS and FOGG, JJ.
WRIT GRANTED WITH ORDER. Relator was arrested on June 19, 1986, and charged with driving while intoxicated (DWI), first offense. Thereafter, he was convicted as charged. Relator was again arrested for DWI on January 1, 1992. Following said arrest, relator pled guilty to DWI, first offense.
On July 7, 1993, relator was arrested and charged with DWI, third offense, based upon the two prior convictions noted above. On February 7, 1994, the trial court held a hearing on relator's Motion to Quash and denied relief. It is from this ruling that relator seeks review.
La.R.S. 14:98(F)(2) was amended by Act 1993, No. 669, § 1. This amendment became effective on June 21, 1993. Said revision provides in pertinent part:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section ..., if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of the penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period....
(emphasis ours)
Prior to the amendment, La.R.S. 14:98(F)(2) provided in pertinent part:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section ..., if committed more than five years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of the penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period....
(emphasis ours)
The issue presented herein is which cleansing period (five year or ten year) should apply to the time period between the 1986 DWI conviction and the commission of the subsequent DWI offense on January 1, 1992. The State argues that the ten year cleansing period should apply due to the fact that relator's instant arrest occurred after the effective date of Act 1993, No. 669, § 1. Relator contends that, because he successfully completed the five year cleansing period for the June 19, 1986, offense prior to the effective date of Act 1993, No. 669, § 1, the State is precluded from applying the ten year cleansing period as this would constitute the ex post facto application of law.
We hold that Act 1993, No. 669, § 1, cannot be applied retroactively, as it would constitute the ex post facto application of the law in violation of U.S. Const. Art. I, Sec. 10 and La. Const. Art. 1, Sec. 23. However, we are unable to determine whether or not five years elapsed between the 1986 DWI conviction and the commission of the subsequent DWI offense on January 1, 1992, because we have no information as to the sentence imposed for the 1986 conviction. Nevertheless, we hold that the ten year cleansing period in La.R.S. 14:98(F)(2), as amended, cannot be applied to relator's 1986 conviction.
Therefore, the ruling of the Honorable Linda Holliday, Judge, Nineteenth Judicial District Court, Parish of East Baton Rouge, denying relator's Motion to Quash, hereby is vacated. The matter is remanded to the trial court for a reopened hearing on relator's motion to quash so that evidence may be presented concerning the sentence imposed for the 1986 conviction and its effect, if any, upon the five year cleansing period applicable thereto.