1,SAUNDERS, Judge.
Defendant appeals both his adjudication and sentence as a habitual felony offender on the grounds that he was not properly advised of his right to remain silent at the hearing on the habitual offender bill.

FACTS

The defendant was charged with committing simple burglary of a structure belonging to Salam Jamal on or about March 12, 1993, in violation of La.R.S. 14:62. On January 11, 1994, defendant pled guilty to this charge as part of a plea bargain agreement with the state.[1] On the same day, the state filed a habitual offender bill hand the defendant admitted the allegations contained therein. The defendant waived delays for sentencing and the court sentenced the defendant to six (6) years at hard labor without benefit of probation, suspension of sentence or eligibility for good time. Defendant filed a motion for out of time appeal and appointment of appellate counsel, which was granted by the trial court on January 20, 1995.
Defendant now appeals his conviction and sentence as a habitual offender[2], alleging one assignment of error.

ERRORS PATENT

La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
After review, we note it appears that the defendant was not advised of his right to remain silent and have the state prove its case at defendant’s habitual offender hearing in accordance with La.R.S. 15:529.1(D)(1). However, as the defendant raises this issue in his sole assignment of error, we will address it accordingly.
We further observe that no determination was made as to whether the defendant was a second or third habitual offender. In State v. Jones, 516 So.2d 396 (La.App. 5 Cir.1987), the court held that a defendant’s conviction under the habitual offender statute was defective as the trial judge merely stated that the defendant was found to 13be a habitual offender, but did not determine if the defendant was a second or third offender. However, in State v. Henderson, 94-286 (La. App. 5 Cir. 12/14/94), 648 So.2d 974, the court distinguished Jones and held that where the record is sufficient to determine that the state’s evidence was restricted to one prior felony and the trial judge’s finding of habitual offender status can only relate to a second offense, there is no need to remand the case for rehearing of the habitual offender bill.
In the case sub judice, although the trial judge merely stated “I find that you are ... an [sic] habitual offender as alleged ...”, there is sufficient information in the record to determine that defendant was found to be a second felony offender. The habitual offender bill charges the defendant as a second felony offender and only lists one prior of *439 fense. Furthermore, the defendant received the minimum enhanced sentence which could be imposed under La.R.S. 15:529.1(A)(2)(a) for a second offender.

ASSIGNMENT OF ERROR

By this sole assignment of error, the defendant contends he was not properly advised of his right to remain silent at the hearing on the habitual offender bill. He contends the trial court erred in not advising him of his right to remain silent and have the state prove its ease, and therefore, his adjudication as a habitual offender and subsequent sentence should be vacated and set aside and the ease remanded to the trial court for resentencing.
La.R.S. 15:529.1(D) provides for the filing of a habitual offender bill and the conducting of a habitual offender hearing. This statute reads, in pertinent part, as follows:
Whereupon the court in which the subsequent conviction was had shall cause the person, ..., to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.
In State v. Johnson, 432 So.2d 815 (La. 1983), the Louisiana Supreme Court held that a trial court must advise a defendant of his right to remain silent during habitual offender proceedings in order to obtain a valid stipulation in regard to prior offenses. The same factual situation in the case sub judice was addressed by our brethren in the First Circuit in State v. Wooders, 615 So.2d 936, 937-38 (La.App. 1 Cir.1993), wherein the court stated:
Even if defendant’s agreement to stipulate to the provisions of a bill charging that he was a second felony offender could be considered a waiver of his right to be informed of the specific allegations of the petition, the trial court nevertheless was required to advise defendant of his statutory rights and his right to remain silent before requiring him to state his final agreement. Accordingly, we find that defendant’s adjudication as a second felony offender and the instant sentences must be vacated and this matter remanded for further proceedings. We note, however, that if defendant fails to stipulate to the provisions of the habitual offender bill, as he agreed to do, the entire plea agreement falls; and, upon conviction or a subsequent guilty plea, the sentencing discretion of the trial court will be unfettered. See State v. White, 517 So.2d 461, 464 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La. 1988).
The state admits that no evidence was presented to prove the defendant was the same Herman Perry who was convicted of simple burglary on June 26,1992. However, the state contends that as part of the plea bargain agreement, the defendant agreed to admit to this prior conviction. A review of the “Plea of Guilty and Waiver of Rights” form reveals the possibility of such an agreement. Defendant and his attorney both signed the guilty plea form which indicates the defendant would be sentenced to six (6) years as a habitual offender. The defendant was fully Boykinized, whereupon the following colloquy occurred:
BY THE COURT: All right. With ... with that, do you still want to go forward with your guilty plea?
BY MR. PERRY: Yes Sir.
BY THE COURT: All right. Are you satisfied ... oh, first of all ... uh ... Ms. Geary, did you explain to the defendant the matters contained in the Plea of Guilty and Waiver of Rights form?
IsBY MS. GEARY: Yes, I did.
[[Image here]]
BY MR. WILSON: At this time the State would file a ... uh ... habitual offender bill and ... uh ... Mr. Perry it is alleged in the bill that you are the same person who entered a plea of guilty to ... uh ... in docket number 232,063, on or about the 7th day of February, 1992 ... I’m sorry, on June 26th, 1992, and it’s my understanding that ... uh ... that ... uh ... you are going to admit you are the same person, is that right?
BY MR. PERRY: Yes Sir.
*440 BY THE COURT: All right. If the State ... uh ... had to prove that they’d have to prove that you are the same person, you understand? But, by ... by admitting it, you ... you ... uh ... waiving your right to make them prove it. You understand that?
BY MR. PERRY: Yes Sir.
Based on the foregoing, we find the trial court was required to advise the defendant of his right to remain silent prior to the defendant’s admission of the allegations contained in the habitual offender bill and that it failed to do so. Furthermore, we find that the plea agreement does not bar consideration of this issue. See La.Code CrimJP. art. 881.2 which provides that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” However, the defendant in the present case is not seeking review of his sentence but rather of the statutory procedure for commencement of the habitual offender proceedings.
The rights which a defendant must be advised of prior to admitting the allegations contained in a habitual offender bill are of the same nature as those required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Thus, the same reasoning which requires that a defendant must be properly Boykinized before a plea can be properly entered as part of a valid plea agreement should require that a defendant be advised of his specific rights prior to admitting the allegations of a Rhabitual offender bill, even if that admission is part of a plea agreement. Accordingly, we vacate defendant’s conviction and sentence as a habitual offender and remand the case for a new habitual offender hearing and sentencing as defendant’s admission was the only evidence presented of his prior conviction. See State v. Gautreaux, 607 So.2d 1086 (La.App. 3 Cir.1992). However, if the defendant fails to stipulate to the provisions of the habitual offender bill upon remand, as per the plea agreement, then the entire plea agreement is null and void. See State v. White, 517 So.2d 461, 464 (La.App. 1 Cir.1987), writ denied, 521 So.2d 1184 (La.1988).

CONCLUSION

We find the trial court erred in failing to advise the defendant of his right to remain silent prior to his admission to the allegations contained in the habitual offender bill. Thus, defendant’s conviction and sentence as a habitual offender is vacated and this case is remanded to the trial court for a new habitual offender hearing and sentencing.
VACATED IN PART AND REMANDED.

. As part of the plea bargain, defendant also pled guilty to another count of simple burglary in docket no. 236,533, and a third count of simple burglary in docket no. 236,533 was nolle pressed. Defendant received a six (6) year sentence in docket no. 236,533, to be served concurrently with the sentence in the instant case. Additionally, defendant's probation was revoked on a simple burglary conviction from 1992 and the remainder of that sentence is to be served concurrently with the other sentences.

. Defendant did not appeal his conviction and sentence as a habitual offender in docket no. 236,533. Therefore, it is not properly before us and we do not address it.