liGAUDIN, Judge.
This is an appeal by Ricky Hampton, a/k/a Richard Hampton, from a 15-year sentence as a habitual criminal. We affirm.
Following Hampton’s sentencing on May 30, 1997, his attorney filed this appeal and subsequently a so-called Anders[1] brief which contained an extensive and accurate statement of events leading to May 30th, including the fact that Hampton had originally argued early on May 28, 1997 that his twin brother Richard had committed the two crimes he was charged with, distribution of cocaine twice. He said: “Oh, man, that ain’t me.”
After viewing video tapes, however, Hampton withdrew his objections and pled guilty to the two distribution counts. This was in the afternoon of May 28th, at which time Hampton was advised that he would be billed as a multiple offender and sentenced as such two days later, on May 30th. The trial judge, who had just sentenced Hampton to 15 and five years, respectively, on the two distribution counts, told Hampton he would receive 15 years as a multiple offender; in other words, Hampton’s sentence as a multiple offender would not be increased. The shorter sentence, five years, was to run concurrent with the 15-year sentence both in the original sentencing on May 28th and again on May 30th.
Hampton has filed a supplemental brief to this Court saying that when he pled guilty to the two counts on May 28th, his pleas were involuntarily Rmade because the trial judge did not inform him of the elements of the charges and of the maximum and minimum sentences possible.
On the afternoon of May 28th, the trial judge questioned Hampton at length and advised him fully of his procedural rights. The trial judge also told Hampton this:
“You understand that if I accept your plea I will sentence you on the first count to five (5) years hard labor. On the second count I will sentence you to fifteen (15) years hard labor. This will be a concurrent sentence. You will be charged as a multiple-offender and this will be addressed on Friday. If you are found to be a multiple-offender, I will sentence you on Count Two as a multiple-offender and you will receive fifteen (15) years at hard labor as a multiple-offender and this will be the bottom line of fifteen (15) years and it will clear up the status of you as a multiple-offender.”
Hampton signed two waiver forms, on May 28th and May 30th. The May 28th form spells out the 15 and five-year sentences and states that as a multiple offender he will be sentenced to 15 years.
*320 The May 30th waiver form states that the sentencing range as a multiple offender is between 15 and 60 years. On May 30th, the trial judge again questioned Hampton at length regarding the voluntariness of the guilty pleas, and only after being convinced that Hampton knew what he was doing did the trial judge impose the agreed-on 15-year sentence.
The voluntariness of a guilty plea does not depend on whether the trial judge specifically informed the accused of each and every element of the crime. Rather, the defendant must establish that his lack of awareness resulted in an involuntary plea. See State v. Barrio, 608 So.2d 641 (La.App. 5 Cir.1992), which cited State v. Bowick, 403 So.2d 673 (La.1981), also State v. Boros, 646 So.2d 1183 (La.App. 5 Cir.1994), writs denied at 654 So.2d 347 (La.1995).
Here, Hampton makes no showing that the voluntariness of his guilty pleas depended on or was in any way related to either the trial judge not explaining all the elements of the crimes or the trial judge’s failure to tell him what the maximum and minimum sentences for distribution of cocaine were. Hampton does not say he was misinformed by either his attorney or the court; likewise, he does not explain how he might have been prejudiced. He also fails to say or even suggest that he would not have pled guilty on either May 28th or May 30th had he been better informed.
A reading of this entire record indicates that Hampton was adequately represented by counsel, that he entered into what appears to be a very favorable and lenient plea bargaining agreement and that the pleas were voluntarily made on May 28th and 30th after valid waiver forms were signed and after detailed questioning by the trial judge.
The trial judge did fail to advise Hampton of the three-year limit for the filing of post-conviction relief. We remand only for the trial judge to comply with LSA-C.Cr.P. art. 930.8 within 10 days of the rendering of this opinion, and to file written proof in this record.
AFFIRMED; REMANDED FOR ART. 930.8 NOTICE.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).