J^FOGG, J.
The defendant, Arthur J. Davis, Jr.,[1] was charged by bill of information with operating a motor vehicle while intoxicated (DWI), fourth offense, in violation of LSA-R.S. 14:98. The defendant waived his right to a jury trial, and a bench trial followed. The defendant was convicted as charged. The trial court sentenced the defendant to imprisonment at hard labor for a term of seventeen years, without benefit of probation, parole, or suspension of sentence, to be served concurrently with any other sentence. The defendant filed a pro se motion to reconsider sentence, which was denied. He now appeals, urging the following assignments of error: (1) insufficiency of the evidence to support the conviction of DWI, fourth offense; (2) denial of his pro se motion to reconsider sentence; (3) ineffective assistance of counsel for failure to file a motion to reconsider sentence specifically articulating noncompliance with LSA-C.Cr.P. art. 894.1; (4) failure of the trial judge to comply with the procedures of LSA-C.Cr.P. art. 894.1; and (5) excessive sentence. Since we find merit to the defendant’s claim of insufficiency, we pretermit a discussion of the remaining assignments of error.
FACTS
On the currently charged fourth DWI offense, the state submitted Officer Carnel Bell’s arrest report into evidence without objection. The report reveals that on June 2, 1997, the defendant was arrested after leaving his vehicle and fleeing the scene of a motor vehicle accident. The officer chased the defendant, who fell to the ground. Officer Bell ordered the defendant to stand, but the defendant was unable to stand on his Down after attempting to do so for five minutes. The officer assisted him in standing, but the defendant continued to have difficulty balancing himself. Officer Bell noted a strong odor of alcoholic beverage on the defendant’s person, the presence of a wine bottle in the defendant’s hand, and the defendant’s red and glassy eyes. The defendant was handcuffed and returned to the accident scene, where the other driver identified him as the person who drove the vehicle that struck him. After being advised of his rights, the defendant spoke, but his speech was slurred and unintelligible. The defendant subsequently refused to take a blood alcohol test. The defendant does not contest the sufficiency of the evidence to support the current conviction, but instead argues there is insufficient evidence in support of one of the predicate offenses.
PREDICATE OFFENSE
The three prior DWI convictions, based on guilty pleas and relied on by the state, were as follows: (1) a first offense conviction, resulting from an original charge as a second offender, on September 25, 1991,[2] in the Parish of Pointe Coupee; (2) a second offense conviction on June 18, 1992, in the Parish of Ascension; and (3) another second offense conviction on August 7, 1995, in the Parish of East Baton Rouge. The defendant asserts that the documents submitted by the state as the basis for the September 25, 1991 predicate DWI conviction are insufficient to carry the state’s burden of proof. In particular, the defendant asserts there was inadequate proof that at the time of the guilty plea, he knowingly and voluntarily waived his constitutional privilege against selfjmcrimination,4 his right to trial by jury,[3] and his right to confront his accusers.
*898 The documentation in support of the September 25, 1991 conviction consisted of a certified copy of a bill of information and a certified copy of minute entries in that proceeding. The defense counsel stipulated only to the admissibility of the evidence and.to the identity of the defendant, giving no stipulation as to the adequacy of the documentation in support of the state’s proof.
In State v. Longo, 560 So.2d 530, 531-532 (La.App. 1 Cir.1990), we explained:
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences.
It is the state’s burden to show that the defendant’s plea was taken in compliance with Boykin’s requirement that the defendant expressly and knowingly waived his rights. The state may rely upon either the transcript of the plea of guilty or the minute entry. While the colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensible when the record contains some other affirmative shoving of proper waiver.
A trial judge has a duty to determine that the defendant is expressly and knowingly waiving his constitutional rights in entering his plea. To satisfy the requirements of Boykin, there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privileges against self-incrimination, and of right to trial by jury and right to confront his accuser.
(Citations omitted).
jsIn State v. Carson, 527 So.2d 1018 (La.App. 1 Cir.1988), this court held that a minute entry which only stated that the defendant had been informed of his rights and the consequences of his plea, failed to show the guilty plea was entered in compliance with State v. Jones, 404 So.2d 1192 (La.1981). In Carson, the minute entry provided “only that the trial court ‘informed [defendant] of his rights and the consequences of [his] plea.’ ” Carson, 527 So.2d at 1021.
The September 25, 1991 minute entry does not indicate the defendant was advised of specific rights when he entered a plea of guilty to the reduced charge of DWI, first offense. The entry provides, in pertinent part:
The defendant, assisted by Thomas A. Nelson, Public Defender, advised the court that he/she wished to change his/ her former plea of not guilty to a plea of guilty to the charge. The court, before accepting the defendant’s plea, advised him/her of his/her rights and the nature of these proceedings and particularly that a guilty plea herein could [sic] him/ her to a more severe penalty for the next charge of this nature. The court then accepted the defendant’s plea of guilty and sentencing was deferred to October 23,1991.
This minute entry only gives a general statement that the defendant was informed of “his/her rights,” the “nature of these proceedings,” and that a guilty plea could result in a more severe penalty for a future charge. Thus, the minute entry fails to show compliance with Jones.
The state argues that once it produced prima facie evidence of predicate convictions, the burden shifted to the defendant to produce affirmative evidence showing an infringement of his rights or procedural *899 irregularities. Thus, it asserts that since the defendant made no affirmative showing, there is a presumption of regularity in the predicate convictions. For this proposition, the state relies on State v. Shelton, 621 So.2d 769 (La.1993), a habitual offender case. Shelton is inapposite. The Habitual Offender Law provides for the | ^presumption of regularity. See LSA-R.S. 15:529.1 D(l)(b). However, “a multiple bill proceeding is in the nature, merely, of an enhancement of penalty rather than of a prosecution for a crime.” State v. Hill, 340 So.2d 309, 311 (La.1976).
Furthermore, the state has the burden of proving the predicate offenses. State v. Mobley, 592 So.2d 1282 (La.1992). In Mobley, 592 So.2d at 1282, the Louisiana Supreme Court held:
Whether the predicate convictions in a multiple offender D.W.I. prosecution are considered essential elements of the offense, ... or essential averments of the bill of information, ... the state bears the burden of establishing their constitutional validity, if they came by way of guilty pleas, and of proving the convictions at trial. The state also bears the burden at trial of negating the cleansing period in La.R.S. 14:98(F).
(Citations omitted). In State v. Morrison, 392 So.2d 1037, 1039 (La.1980), the court stated, “It is axiomatic that due process requires the state to prove every element of the crime beyond a reasonable doubt.”
The defendant does not contest the validity of the remaining two predicates and the instant offense; therefore, we find sufficient evidence as to these offenses. However, we find insufficient evidence as to the first of the three predicates. Accordingly, the defendant’s conviction of DWI, fourth offense, is reversed, and the sentence is vacated. Since the evidence does not support the charged offense, but does support a conviction for a lesser included responsive offense, this court is authorized to enter a judgment of guilty of the lesser included responsive offense. See LSA-C.Cr.P. art. 821 E; State v. Byrd, 385 So.2d 248 (La.1980). Because sufficient proof of two predicate DWI convictions was established, the defendant’s conviction of DWI, fourth offense, is hereby modified, and this court renders a judgment of conviction for DWI, third offense. This matter is remanded to the trial court for resentencing on |7the modified judgment of conviction.
ORIGINAL CONVICTION REVERSED AND MODIFIED; MODIFIED JUDGMENT OF CONVICTION RENDERED; ORIGINAL SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

. The defendant is also identified in the record as Arthur Davis.

. The current bill of information states that the date of this conviction was October 23, 1991. However, the evidence reflects that the defendant actually pled guilty to the offense on September 25, 1991, and was sentenced on October 23, 1991.

.Since this conviction was for a first offense DWI, it was not triable by a jury. See LSA-R.S. 14:98 B; LSA-C.Cr.P. art. 779 B. However, a waiver of a jury trial can be considered to be a waiver of a bench trial as well. *898 State v. Delanoix, 637 So.2d 515 (La.App. 1 Cir.1993).