788 So.2d 535 (2001)
STATE of Louisiana
v.
Randean HENRY.
No. 2000 KA 2250.
Court of Appeal of Louisiana, First Circuit.
May 11, 2001.
Rehearing Denied July 6, 2001.
*537 Melissa W. Moreau, Heidi L. Mabile, Thibodaux, for Appellee, State of Louisiana.
Alfred F. McCaleb, III, Livingston, for Defendant/Appellant, Randean Henry.
Before: WHIPPLE, KUHN and DOWNING, JJ.
WHIPPLE, Judge.
The defendant, Randean Henry, was charged by bill of information with one count of fourth offense driving while intoxicated, a violation of LSA-R.S. 14:98. He pled not guilty and filed a motion to quash the bill of information, but the motion was denied. Following a jury trial, he was found guilty as charged. He moved for post-verdict judgment of acquittal, but the motion was denied. Thereafter, he was sentenced to twenty years at hard labor without benefit of probation, parole, or suspension of sentence.[1] Defendant appeals, designating five assignments of error.

FACTS
On January 29, 1999, at approximately 12:37 a.m., Louisiana State Trooper Timothy James Breaux was patrolling Louisiana Highway 308. Trooper Breaux saw the defendant's vehicle cross the center line of Highway 308 on three separate occasions within a one mile distance and signaled to the defendant to pull into a convenience store. After detecting a strong odor of alcoholic beverages on the defendant's breath, and observing the defendant's slurred speech and swaying as he stood outside his vehicle, Trooper Breaux had the defendant perform three field sobriety tests, all of which he failed. Trooper Breaux arrested the defendant for *538 driving while intoxicated (DWI) and transported him to the sheriffs office for a breath test. The defendant was advised of, and waived, his rights concerning testing for intoxication. His breath registered a blood alcohol level of .19 grams percent at 2:10 a.m. He requested a blood test for alcohol and was transported to St. Anne Hospital for testing. The defendant signed a consent form at 2:50 a.m., and thereafter, blood testing revealed his blood alcohol content was 0.15 grams percent.

INEFFECTIVE ASSISTANCE OF COUNSEL

(Assignment of Error Nos. 1 and 5)
In assignment of error number 1, the defendant contends his trial attorney failed to make an opening statement and did not present witness testimony or documentary evidence at trial, and, thus, rendered ineffective assistance of counsel. He argues: trial defense counsel failed to offer testimony or evidence to dispute the validity of a January 11, 1989 conviction used as a predicate by the State; counsel failed to object to State evidence concerning the predicates; and counsel failed to present witness testimony or other evidence to show the defendant's medical condition could have affected the field sobriety and blood tests. He claims the failure to uncover or present mitigating evidence is reversible error, citing State v. Brooks, 94-2438 (La.10/16/95), 661 So.2d 1333 (on rehearing).
In assignment of error number 5, the defendant contends his trial attorney rendered ineffective assistance of counsel by failing to move to quash the use of a May 14, 1997 guilty plea (17th JDC docket number 286,250) as a predicate by the State.[2] He argues the guilty plea was invalid because he was asked to admit to prior convictions and to agree to the sentence to be imposed before either the charge he was pleading guilty to was read to him or before he was sworn. He relies upon State v. Jones, 93-873 (La.App. 3d Cir.2/2/94), 631 So.2d 609, writ denied, 94-0574 (La.6/3/94), 637 So.2d 498; State v. Perry, 95-206 (La.App. 3d Cir.5/31/95), 657 So.2d 437; State v. Gautreaux, 607 So.2d 1086 (La.App. 3d Cir.1992); State v. Longo, 560 So.2d 530 (La.App. 1st Cir.1990); and State v. Davis, 98-1763 (La.App. 1st Cir.5/14/99), 734 So.2d 896.
Initially, we note that a claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where the record discloses evidence needed to decide the issue of ineffective assistance of counsel, and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Williams, 632 So.2d 351, 361 (La.App. 1st Cir.1993), writ denied, 94-1009 (La.9/2/94), 643 So.2d 139.
A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Secondly, the defendant must *539 prove that the deficient performance prejudiced the defense. This element requires a showing that the errors were so serious that defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1263 (La.1993).
Under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial rest with an accused and his attorney. The fact that a particular strategy is unsuccessful does not establish ineffective assistance of counsel. State v. Folse, 623 So.2d 59, 71 (La.App. 1st Cir. 1993).
We note that trial defense counsel timely filed, and zealously argued, a motion to quash the bill of information herein, specifically attacking the State's use of the January 11, 1989 conviction the defendant references on appeal (and another predicate, 17th JDC docket number 248,871). When his motion was unsuccessful, defense counsel preserved the issue for review. Further, the defendant's contention that trial defense counsel failed to object to State evidence concerning the predicates is incorrect. Additionally, while trial defense counsel may not have presented witness testimony or other evidence to show that the defendant's medical condition could have affected the field sobriety and blood tests, counsel vigorously cross-examined the State's witnesses, questioning and challenging the reliability of the field sobriety and blood tests on various bases, including the defendant's use of medication for a back injury and his physical condition of having one leg that was one and one-half inches shorter than his other leg.
With regard to the May 14, 1997 guilty plea, we note that the transcript of the May 14, 1997 guilty plea in 17th JDC docket number 286,250,[3] a counseled guilty plea, indicates that the defendant was arraigned on the charge he was pleading guilty to prior to being asked whether or not he agreed to the validity of two earlier DWI convictions and prior to being asked whether or not he agreed to the sentence to be imposed pursuant to a plea agreement. Additionally, although the defendant was not sworn until after the trial court's inquiries, he was ultimately sworn and fully Boykinized. Contrary to his assertion in brief, the record shows that the trial court's acceptance of his guilty plea was not conditioned upon his pre-plea admission of the validity of the prior convictions. Rather, the record shows that the trial court accepted his plea only after he was sworn and fully Boykinized and questioned on the record concerning the voluntariness and intelligence of his plea, in accordance with the plea agreement. Thus, the "defect," if any, in the trial court's failure to have the defendant sworn prior to the trial court's inquiries was *540 cured by the subsequent proceedings, and the record contradicts defendant's remaining assertions in this assignment of error.
Moreover, the defendant's reliance upon Brooks is misplaced. Claims of ineffective assistance of counsel, by their very nature, are highly fact-sensitive. The statement from Brooks, 94-2438 at p. 10, 661 So.2d at 1339, upon which the defendant relies, i.e., "we hold the failure of defendant's counsel to present any mitigating evidence prejudiced the defense[,]" was made in reference to a defense counsel's failure to present evidence, at the penalty phase of a first degree murder trial, of the defendant's alleged domination by his homosexual lover at the time of the sexual assault and murder of the victim. We view Brooks as a different type of case from the instant matter. Clearly, Brooks was decided on the basis of its own particular facts. Moreover, the court's finding of ineffective assistance of counsel in Brooks was made only after the defendant had presented testimony from his trial counsel pursuant to post-conviction proceedings.
Additionally, we find no support in Jones, Perry, Gautreaux, Longo, or Davis for the defendant's position. In Jones, there was no habitual offender advice of rights before the defendant pled guilty at a habitual offender hearing. In Perry and Gautreaux, there was insufficient habitual offender advice of rights before the respective defendants pled guilty at habitual offender hearings. In Longo and Davis, this Court found that the State's evidence concerning those defendants' voluntary and intelligent waiver of Boykin rights was defective in some of the predicates. Thus, in Longo and Davis, the State was required to establish the voluntary and intelligent waiver of Boykin rights in the predicates because the defendants therein, unlike the defendant in this case, refused to concede the validity of the guilty pleas involved.
Thus, these arguments by the defendant lack merit.[4]

MOTION TO QUASH (PREDICATE # 1); EX POST FACTO CLAUSE

(Assignment of Error Nos. 2 and 3)
In assignment of error number 2, the defendant contends the trial court erred in denying his motion to quash based upon his claim he did not make a free and voluntary plea of guilty in the January 11, 1989 DWI conviction, 17th JDC docket number 204,720 (predicate offense number 1), used by the State to enhance the instant offense to a fourth offense DWI. He argues: merely reciting constitutional rights to a defendant without expressly asking him whether or not he waives those rights does not guarantee a free and voluntary plea, citing State v. Barrio, 608 So.2d 641 (La.App. 5th Cir.1992); he did not expressly waive his constitutional rights in connection with predicate offense number 1; and "[s]uch a waiver cannot be presumed and is reversible error if it is[,]" citing State v. Wilkerson, 533 So.2d 136 (La.App. 1st Cir.1988).
In assignment of error number 3, the defendant contends the trial court violated the prohibition against ex post facto applications of law guaranteed by U.S. Constitution, article I, § 10 and Louisiana Constitution article I, § 23 by allowing the use of predicate offense number 1 to enhance the instant offense to a fourth offense DWI. He argues the current ten year *541 cleansing period of LSA-R.S. 14:98 F.(2) should not be applied to include convictions that occurred prior to the amending of the statute to increase the term to ten years. He concedes the Louisiana Supreme Court previously decided the issue against his position in State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446 (per curiam), but asks this court to revisit the issue on the basis of State v. Duke, 94-0312 (La.App. 1st Cir.4/15/94), 635 So.2d 787, writ denied, 94-1285 (La.9/16/94), 642 So.2d 192, abrogated, State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446 (per curiam), and State v. Robinson, 97-269 (La. App. 5th Cir.5/27/98), 713 So.2d 828, writ denied, 98-1770 (La.11/6/98), 727 So.2d 444.
In order for a guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The judge must also ascertain that the accused understands what the plea connotes and its consequences. See State v. Cadiere, 99-0970, p. 3 (La.App. 1st Cir.2/18/00), 754 So.2d 294, 296, writ denied, XXXX-XXXX (La.11/13/00), 774 So.2d 971. If the defendant denies the allegations of the bill of information, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when it was taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. See State v. Carlos, 98-1366, pp. 6-8 (La.7/7/99), 738 So.2d 556, 559-60. To meet this requirement, the State may rely on a contemporaneous record of the guilty plea proceeding, i.e., either the transcript of the plea or the minute entry. Everything that appears in the entire record concerning the predicate, as well as the trial judge's opportunity to observe the defendant's appearance, demeanor and responses in court, should be considered in determining whether or not a knowing and intelligent waiver of rights occurred. Boykin only requires that a defendant be informed of the three rights enumerated above. The jurisprudence has been unwilling to extend the scope of Boykin to include advising the defendant of any other rights which he may have. See Cadiere, 99-0970 at p. 3, 754 So.2d at 297.
Prior to trial, the defense timely moved to quash the bill of information charging the instant offense on the basis of defects concerning predicate offenses numbers 1 and 2. In regard to predicate offense number 1, the defendant contended he had not been questioned by the trial judge taking the plea as to whether the plea was free and voluntary, there was no evidence that the plea was free and voluntary, and the court never found that the plea was free and voluntary.
To establish the defendant's plea in predicate offense number 1, the State introduced: the January 11, 1989 minutes of the 17th Judicial District Court, docket number 204,720, reflecting that the defendant appeared with counsel, was Boykinized, and pled guilty to third offense DWI pursuant to a plea bargain; a bill of information for the same case, charging the defendant with fourth offense DWI; and a transcript of the January 11, 1989 Boykinization, plea, and sentencing. After reviewing the State's evidence, the trial court denied the motion to quash with *542 regard to predicate offense number 1, finding that the Boykin transcript indicated the defendant had knowingly and intelligently waived his rights. The court noted that the trial judge who took the defendant's plea had conducted a detailed interrogation of the defendant before accepting the plea, had advised the defendant of his rights, counsel had been present with the defendant throughout the proceeding, and the defendant had stated he was satisfied with the services of that counsel. The defendant then objected to the court's ruling.
After careful review of the Boykin transcript for predicate offense number 1, we find defendant's challenge to the predicate is without merit. The court, taking the defendant's plea in predicate offense number 1, dutifully made certain that the defendant's plea was knowingly and intelligently entered. The court asked, and the defendant answered, questions concerning the defendant's name, age (twenty-four years), marital status, educational background (11th grade), ability to read and write English (answered in the affirmative), and whether or not he was under the influence of drugs or alcohol (answered in the negative). The court asked the defendant whether he understood he had pled guilty to DWI, whether he understood the offense was a graduated offense, and whether he understood he had pled guilty to a third offense. The defendant answered each inquiry affirmatively. The court explained the penalty exposure for third offense DWI, asked the defendant whether he understood his plea would render him eligible for a subsequent fourth offense conviction, and explained the penalty exposure for fourth offense DWI. The defendant indicated that he understood. The court asked the defendant whether he was pleading guilty because he was guilty and because he thought it was in his best advantage to so plead, and the defendant answered affirmatively. The court stated the plea was being made pursuant to a plea bargain, which it then set forth. The defendant answered affirmatively regarding his understanding of the court's recitation of the plea bargain. The court then separately set forth each of the defendant's Boykin rights and asked the defendant whether he understood each right. The defendant answered affirmatively. The court again asked the defendant whether he was pleading guilty because he was guilty, and the defendant again answered affirmatively. The court found that the defendant had knowingly and intelligently waived his rights and fully understood that by pleading guilty he waived those rights. The court then proceeded to impose sentence pursuant to the plea agreement.
Neither Barrio nor Wilkerson support the arguments asserted by the defendant in assignment of error number 2. In Barrio, the Louisiana Fifth Circuit addressed a case wherein the trial court had not reviewed the elements of an armed robbery offense with a defendant before accepting his guilty plea to that charge. The appellate court ultimately concluded that the defendant had voluntarily and intelligently entered his guilty plea with a full understanding of the nature of the charges against him. Barrio, 608 So.2d at 642. The court noted that other factors in addition to the mere recitation of Boykin rights may have a bearing on the validity of the plea, and opined that "[a] trial court's on-the-record examination, especially of an uncounselled defendant, should include an attempt to satisfy itself that the defendant understands the nature of the charge, the acts sufficient to constitute the offense with which he is charged, and the statutorily permissible range of sentence." Barrio, 608 So.2d at 642. In the instant matter, the defendant was represented *543 by counsel at the Boykin hearing in predicate offense number 1, and the court taking the plea utilized every factor noted by the court in Barrio, to assure the validity of the plea.
In Wilkerson, this Court held that a trial court should have granted a motion to quash a third offense DWI because the State's documentation of one of the predicates failed to establish the court taking the guilty plea had made an independent determination that the defendant had waived his Boykin rights. Wilkerson, 533 So.2d at 140. However, in the instant case, the State's documentation concerning predicate offense number 1 establishes that the court taking the guilty plea did indeed make an independent determination of the defendant's waiver of Boykin rights.
Likewise, the defendant's third assignment of error, alleging improper use of the January 11, 1989 conviction as a predicate offense, is without merit.
Louisiana Revised Statutes article 14:98 F.(2), in pertinent part, provides:
For purposes of this Section, a prior conviction shall not include a conviction for an offense under this Section or R.S. 14:32.1 or R.S. 14:39.1 or under a comparable statute or ordinance of another jurisdiction, as described in Paragraph (1) of this Subsection, if committed more than ten years prior to the commission of the crime for which the defendant is being tried and such conviction shall not be considered in the assessment of penalties hereunder. However, periods of time during which the offender was incarcerated in a penal institution in this or any other state shall be excluded in computing the ten-year period.....
1993 La. Acts No. 669, § 1 increased the cleansing period of LSA-R.S. 14:98 F.(2) from five to ten years. Application of Act 669 to an offender who committed his last DWI after the amendment and more than five years after the commission of his previous DWI offense does not violate the Ex Post Facto Clauses of either the federal or state constitutions. Rolen, 95-0347 at pp. 1-2, 662 So.2d at 447.
As noted above, the Supreme Court's holding in Rolen defeats the defendant's position under assignment of error number 3. Moreover, the defendant's reliance upon Duke and Robinson is misplaced. While this Court's decision in Duke was consistent with the approach argued by the defendant herein, Duke was abrogated by Rolen. Robinson did not involve LSA-R.S. 14:98 F.(2), and referenced Rolen merely for its discussion of the features of an ex post facto law. Thus, these assignments of error also lack merit.

MOTION TO QUASH (PREDICATE # 2)

(Assignment of Error No. 4)
In assignment of error number 4, the defendant contends the trial court erred in allowing the use of the August 19, 1997 DWI conviction, 17th JDC docket number 248,871 (predicate offense number 2), as a predicate offense for enhancement purposes because the defendant was not placed under oath pursuant to LSA-C.Cr.P. art. 14 prior to or during the Boykin hearing.
In a pretrial motion to quash, the defendant challenged the State's use of the guilty plea in predicate offense number 2, contending there was a "[fatal] procedural omission" as the defendant had never been sworn, in contravention of LSA-C.Cr.P. art. 14.
To establish the defendant's plea in predicate offense number 2, the State introduced the August 19, 1997 minutes of the 17th Judicial District Court, taken in *544 docket number 248,871, reflecting that the defendant appeared with counsel, was Boykinized, and pled guilty to second offense DWI pursuant to a plea agreement, and a transcript of the August 19, 1997 Boykinization, plea, and sentencing. After reviewing the State's exhibits, the trial court denied the motion to quash with reference to predicate offense number 2, ruling that the Louisiana Code of Criminal Procedure, particularly LSA-C.Cr.P. art. 556.1, governing guilty pleas in criminal cases, imposed no requirement on a court to place a defendant under oath prior to accepting his guilty plea or prior to advising him of his rights. The court further noted that no other statutory law or jurisprudence supported the defendant's argument. The defendant then objected to the court's ruling.
Louisiana Code of Criminal Procedure article 14 provides, in pertinent part:
B. Before testifying every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so.
However, after reviewing the documents introduced by the State, we pretermit the merits of the defendant's argument. The above-quoted language of LSA-C.Cr.P. art. 14 was the product of the article's amendment by 1988 La. Acts No. 515, § 3. Identical language was enacted as LSA-C.E. art. 603 by 1988 La. Acts No. 515, § 1. The language was taken from Fed.R.Evid. 603. Thus, the federal jurisprudence interpreting the rule is highly instructive. See State v. Wright, 98-0601, p. 7 (La.App. 1st Cir.2/19/99), 730 So.2d 485, 489, writs denied, 99-0902 (La.10/29/99), 748 So.2d 1157, State ex rel. Wright v. State, XXXX-XXXX (La.11/17/00), 773 So.2d 732. The federal jurisprudence holds that a court's error in failing to comply with Fed.R.Evid. 603 is waived absent timely objection. See United States v. Perez, 651 F.2d 268, 272-73 (5th Cir.1981). The documentary evidence relied upon by the State shows that the defendant herein raised no timely objection to, but rather acquiesced in, the trial court's failure to place him under oath in the plea proceedings involved as predicate offense number 2. Thus, the issue presented in this assignment of error was not preserved for review.
Accordingly, for the reasons set forth above, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The trial court failed to impose a $5,000.00 fine upon the defendant pursuant to LSA-R.S. 14:98 E.(1). However, this Court will not correct the sentence as the error is in the defendant's favor and the State has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122 (La.1986).
[2] Although defendant designates this assignment as "VI." in his supplemental brief, we note that it is actually defendant's fifth assignment of error and accordingly designate it as such.
[3] The defendant also filed a motion for leave of court to file a copy of the transcript of his May 14, 1997 guilty plea in 17th JDC docket number 286,250 as an attachment to his supplemental brief. The motion is denied as moot inasmuch as the attachment at issue already appears as an exhibit in the record.
[4] In view of our findings regarding this assignment of error, the State's motion to dismiss is denied as moot.